In the Matter of the Probate of the Will of CLARA F. HITCHCOCK, Deceased.

HENRY C. REIMER et al., Appellants; ROBERT E. FARLEY, as Executor, Appellant and Respondent; COUNTY TRUST COMPANY, as Administrator with the Will Annexed, et al., Respondents.

**Will — testamentary trusts — trust provisions of will examined and held invalid as extending termination of trust beyond two lives in being at death of testatrix — contract as to sale of decedent's real estate is not a testamentary instrument unless incorporated in will — reference thereto insufficient.**

1. To render a trust valid, it must be so limited that in every possible contingency there will be an absolute termination thereof within the period prescribed by statute.

2. The courts lean in favor of the preservation of such valid parts of a will as can be separated from those that are invalid without defeating the general intent of the testator.

3. The testatrix and another entered into an agreement which gave to such other party certain rights with reference to the contract and sale of certain real estate of testatrix therein described.   In her will she recognized such agreement and expressly provided that the sale of the property therein described should not be forced for the purpose of paying legacies or devises or the final settlement of her estate.   The third paragraph of a codicil to the will provided " that no devise or legacy except legacies of specific articles and the certain legacies to

relatives of stated amounts provided for in my will or codicil shall be paid before eight years have expired after my death and no devise and no legacy of a stated amount to a relative shall be paid before five years have expired after my death unless my executors or the survivor of them shall consent in writing to such earlier payment, and no interest shall be paid or allowed on any such devise or legacy if the same shall be paid or discharged within such eight years or such five years as the case may be." By the fourth paragraph of the codicil she gives all her property to her executors in trust to hold until the time has expired for the distribution as theretofore provided, and expressly provides and declares that paragraph third of the codicil shall apply to the disposition of the residue of her estate as well as to all other bequests and devises. *Held, First,* that the provisions of paragraph third of the codicil providing for the suspension of the ownership of the legacies and devises therein mentioned for periods of five and eight years respectively and the provisions of paragraph fourth of the codicil purporting to create a trust of the residuary estate of the testatrix for such periods, are invalid as suspending the absolute ownership of property for a longer period than two lives in being at the time of her death. (Pers. Prop. Law, §§ 11, 16; Cons. Laws, ch. 41; Real Prop. Law, § 42; Cons. Laws, ch. 50.) *Second,* that all the devises and legacies given and provided for by the terms of the will and codicil are valid devises and bequests taking effect immediately and in like manner as if no provision had been made for the postponement of the satisfaction or payment thereof. *Third,* that the contract which is referred to in the forty-first paragraph of the will of testatrix with reference to the control and sale of her real estate is not a testamentary instrument and is not incorporated by reference into said will.

*Matter of Hitchcock,* 176 App. Div. 326, affirmed.

(Argued November 15, 1917; decided December 4, 1917.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered October 6, 1916, which affirmed a decree of the Westchester County Surrogate's Court admitting to probate and construing the will of Clara F. Hitchcock, deceased.

The facts, so far as material, are stated in the opinion.

*Roscoe S. Conkling* and *Henry W. Jessup* for Henry C. Reimer, appellant. All real and personal property

of testatrix, at her death, vested in executors under an express trust. (*Fargo* v. *Squires*, 154 N. Y. 259.) All of decedent's benefactions — the residuary, distribution and the one-time direct legacies — of the will and codicils, by testatrix's deliberate pronouncement, have been transferred into contingent remainders. (*Matter of Crane*, 164 N. Y. 71; *Schlereth* v. *Schlereth*, 173 N. Y. 449; *Clark* v. *Cammann*, 160 N. Y. 315; *Rudd* v. *Cornell*, 171 N. Y. 122; *Herzog* v. *Title Guarantee Co.*, 177 N. Y. 99; *Delafield* v. *Shipman*, 103 N. Y. 463.) The trust provisions postponing the vesting of the residuary estate in the beneficiaries are void as violating the laws against perpetuities. (*Rice* v. *Barrett*, 102 N. Y. 161; *Haynes* v. *Sherman*, 117 N. Y. 433; *McGuire* v. *McGuire*, 80 App. Div. 63; *Davis* v. *McMahon*, 161 App. Div. 464; *Hagemeyer* v. *Saulpaugh*, 97 App. Div. 535; *Brown* v. *Quintard*, 177 N. Y. 75; *Matter of Wilcox*, 194 N. Y. 288; *Rasquin* v. *Hammerley*, 152 App. Div. 525.) The entire estate is granted in trust for a term of years, and the absolute power of alienation is thereby suspended for an unlawful period, the executorial consent being not a conveyance within the meaning of the statute. (Chaplin on Susp. of Powers, 29, § 58.) The trust of the entire estate provides for illegal accumulations. (*Cochran* v. *Schell*, 140 N. Y. 516.) The gift of the residuary estate bequeathed in trust being invalid, every estate subject thereto and conditioned thereon is void, and testatrix died intestate as to her residuary estate, in fact, as to her entire estate. (*Morris* v. *City of New York*, 154 App. Div. 332; *Rice* v. *Barrett*, 102 N. Y. 161; *Matter of Brown*, 154 N. Y. 313.)

*Harold B. Elgar, Jerome S. Hess* and *Louis O. Bergh* for August C. Reimer, appellant. The provision whereby the entire corpus of the estate, together with the income therefrom, was to be held in trust for a definite term of

years was an integral part of the testatrix's scheme of distribution. (*Matter of Donohue*, 109 App. Div. 158; *Matter of Froelich*, 122 App. Div. 440; 192 N. Y. 566; *Van Nostrand* v. *Moore*, 52 N. Y. 12; *Van Vechten* v. *Keator*, 63 N. Y. 52; *Trustees* v. *Kellogg*, 16 N. Y. 88; *Norris* v. *Beyea*, 13 N. Y. 273; *Howland* v. *U. T. Seminary*, 5 N. Y. 193; *Pierpont* v. *Patrick*, 53 N. Y. 591; *Underwood* v. *Curtis*, 127 N. Y. 523; *Sloan* v. *Stevens*, 107 N. Y. 127; *O'Donohue* v. *Boies*, 159 N. Y. 96.) The provisions of paragraph 4 of the first codicil create a trust and do not merely operate as a postponement of the payment of the legacies and the distribution of the residuary estate. (*Van Nostrand* v. *Moore*, 52 N. Y. 12.) The trust created by the fourth paragraph of the first codicil is invalid. (*Smith* v. *Edwards*, 88 N. Y. 92; *Morton Trust Co.* v. *Sands*, 122 App. Div. 691; 195 N. Y. 28; *Everitt* v. *Everitt*, 29 N. Y. 39; *Steinway* v. *Steinway*, 163 N. Y. 194; *Smith* v. *Edwards*, 88 N. Y. 102; *Schettler* v. *Smith*, 41 N. Y. 328; *Herzog* v. *Title Guarantee, etc., Co.*, 177 N. Y. 99; *Fowler* v. *Ingersoll*, 127 N. Y. 472; *Allen* v. *Stevens*, 33 App. Div. 489; *Underwood* v. *Curtis*, 127 N. Y. 523, 540; *Matter of Wilcox*, 194 N. Y. 288.) The trust provisions of the testamentary instruments provide for an unlawful accumulation of income. (*Matter of Raymond*, 73 App. Div. 11; *Gilman* v. *Reddington*, 24 N. Y. 19; *Kirk* v. *McCann*, 117 App. Div. 56; Redfield's Law & Practice of Sur. Courts [7th ed.], § 262; *Dodge* v. *Pond*, 23 N. Y. 67; Chaplin on Susp. of Powers, § 430.) All of the distributive shares, whether originally legacies or remainders or devises, are by the first codicil transferred into contingent remainders. (*Booth* v. *Baptist Church*, 126 N. Y. 215; *Matter of Crane*, 164 N. Y. 71; *Smith* v. *Edwards*, 88 N. Y. 92.) The residuary estates must fail because they are contingent estates limited on an invalid trust and testatrix died intestate as to her entire estate.

(*Davis* v. *MacMahon*, 161 App. Div. 458; *Smith* v. *Smith*, 154 App. Div. 313; *Matter of Crane*, 164 N. Y. 71.) The residuary bequest is invalid because it does not necessarily vest within a period measured by two lives in being. (*Matter of Wilcox*, 194 N. Y. 288.)

*Thomas F. J. Connolly* for Reimer Sherman, appellant. The testatrix by the third and fourth paragraphs of the first codicil of her will suspends the ownership of the property of which she died possessed for a period longer than two lives in being. (*Fargo* v. *Squires*, 154 N. Y. 250; *Colton* v. *Fox*, 67 N. Y. 348; *Tilden* v. *Green*, 130 N. Y. 129; *Herzog* v. *Title Guarantee & Trust Co.*, 177 N. Y. 86; *Harris* v. *Clark*, 7 N. Y. 242; *Morton Trust Company* v. *Sands*, 122 App. Div. 691.) The illegal trust is so connected with the general scheme of the testatrix that all legacies must fall with it. (*Matter of Berry*, 154 App. Div. 509; *Central Trust Co.* v. *Egleston*, 185 N. Y. 23; *Bailey* v. *Buffalo L. T. & S. D. Co.*, 213 N. Y. 525; *Matter of Ryder*, 41 App. Div. 247; *Davis* v. *MacMahon*, 161 App. Div. 458; *Matter of Barber*, 92 Hun, 480; *Brown* v. *Quintard*, 177 N. Y. 75; *Matter of Wilcox*, 110 App. Div. 303; *Matter of Turner*, 142 App. Div. 645.)

*Arthur I. Strang* and *Robert E. Farley* for executor, appellant and respondent. The will and codicils do not create a trust for a period longer than two lives in being. (L. 1909, ch. 52, § 42; *Warner* v. *Durant*, 76 N. Y. 133; *Montignani* v. *Blade*, 145 N. Y. 111; *Steinway* v. *Steinway*, 163 N. Y. 183; *Chandler* v. *N. Y. El. R. R. Co.*, 34 App. Div. 305; *Matter of Dippel*, 71 App. Div. 598; *Matter of Perry*, 46 Misc. Rep. 285; *Keenan* v. *Keenan*, 122 App. Div. 435; *Matter of Lincoln Trust Co.*, 76 Misc. Rep. 421; *Matter of Correll*, 88 Misc. Rep. 377; *Farley* v. *Secor*, 167 App. Div. 80.) Alienation is not unlawfully suspended when the trustees have the power

at any time to terminate the trust. (*Robert* v. *Corning*, 89 N. Y. 225; *Henderson* v. *Henderson*, 113 N. Y. 1; *Stoiber* v. *Stoiber*, 40 App. Div. 156; *Stewart* v. *Hamilton*, 37 Hun, 19; *Smith* v. *Farmer Type Founding Co.*, 16 App. Div. 438; *Montignani* v. *Blade*, 145 N. Y. 111; *Wilber* v. *Wilber*, 165 N. Y. 451; *Spitzer* v. *Spitzer*, 38 App. Div. 436; 22 Am. & Eng. Ency. of Law [2d ed.], 720; *Underwood* v. *Curtis*, 127 N. Y. 523; *Hope* v. *Brewer*, 136 N. Y. 135; *Mills* v. *Mills*, 50 App. Div. 226.) Assuming that the trust contained in the will and codicil is void the trust should be expunged and the true construction of the will is either: 1. That the money legacies given by the will and codicil are vested, the payment being postponed five or eight years. 2. That the principal of the residuary legacies and devises is vested, the payment being postponed five or eight years. 3. That the income of the estate is vested in the residuary legatees as it is earned and payable as it is received; or, 1. That the money legacies given by the will and codicil are vested, the payment being postponed five or eight years. 2. That the principal and income composing the residuary legacies and devises are vested and payable immediately; or, 1. That all the legacies residuary and otherwise are vested and payable immediately, the clause directing a postponement being void. (*Dougherty* v. *Thompson*, 167 N. Y. 472; *Miller* v. *Gilbert*, 144 N. Y. 68; *Haynes* v. *Sherman*, 117 N. Y. 433; *Kalish* v. *Kalish*, 166 N. Y. 368; *Dennison* v. *Dennison*, 185 N. Y. 445; *Kee* v. *Gordon*, 187 N. Y. 410; *Goodwin* v. *Coddington*, 154 N. Y. 283; *Herzog* v. *T. G. & T. Co.*, 177 N. Y. 91; *Close* v. *F. L. & T. Co.*, 195 N. Y. 92; *Everitt* v. *Everitt*, 29 N. Y. 39; *Steinway* v. *Steinway*, 163 N. Y. 183; *Smith* v. *Chesebrough*, 176 N. Y. 317; *Matter of Berry*, 154 App. Div. 503.)

*Francis Smyth* and *Thomas B. Gilchrist* for County Trust Company, as administrator, respondent. The pro-

visions of the third and fourth paragraphs of the first codicil do not suspend the vesting of the general legacies and residuary estate in the legatees and devisees named. (*Loder* v. *Hatfield*, 71 N. Y. 92; *Matter of Embree*, 9 App. Div. 602; 154 N. Y. 778; *Matter of Crane*, 164 N. Y. 71; *Smith* v. *Chesebrough*, 176 N. Y. 317; *Brinkerhoff* v. *Seabury*, 137 App. Div. 916; *Gilman* v. *Reddington*, 24 N. Y. 9; *Smith* v. *Edwards*, 88 N. Y. 92.) Any invalidity attaching to the provisions of the first codicil attempting to interpose a precedent trust term before distribution of the estate would not affect the validity of the general and residuary legacies and devises, but such invalidity would merely operate to accelerate their payment. (*Hawley* v. *James*, 16 Wend. 61; *Everett* v. *Everett*, 29 N. Y. 39; *Harrison* v. *Harrison*, 36 N. Y. 543; *Kalish* v. *Kalish*, 166 N. Y. 368; *Williams* v. *Jones*, 166 N. Y. 522; *Smith* v. *Chesebrough*, 176 N. Y. 317; *U. S. Trust Co.* v. *Hagencamp*, 191 N. Y. 281; *Stewart* v. *Woolley*, 121 App. Div. 531; *Brinkerhoff* v. *Seabury*, 137 App. Div. 916; 201 N. Y. 559; *Matter of Berry*, 154 App. Div. 509; 209 N. Y. 540; *Davis* v. *MacMahon*, 161 App. Div. 458.)

*Howard Mansfield* for St. Paul's Methodist Episcopal Church of Hartsdale, respondent. This was a case where the intent of the testatrix could substantially be carried into full effect. (*Smith* v. *Chesebrough*, 176 N. Y. 317; *Bailey* v. *B. L. T. & S. D. Co.*, 213 N. Y. 525; *Matter of Berry*, 154 App. Div. 509; 209 N. Y. 540; *Davis* v. *MacMahon*, 161 App. Div. 458; 214 N. Y. 614.)

*Herbert Barry, John W. Farquhar* and *J. Mayhew Wainwright* for American Society for Prevention of Cruelty to Animals, respondent. The gifts to the general and residuary legatees vested at the death of the testatrix, and such being the case, these gifts would not fail, though limited to take effect in possession at

the expiration of an intervening trust void under the statute; but in such case the payment of the gifts would be accelerated. (*Matter of Berry*, 154 App. Div. 509; 209 N. Y. 540; *Kalish* v. *Kalish*, 166 N. Y. 368; *Brinkerhoff* v. *Seabury*, 137 App. Div. 916; *Brinkerhoff* v. *Green*, 201 N. Y. 559; *Smith* v. *Chesebrough*, 176 N. Y. 317; *Henderson* v. *Henderson*, 113 N. Y. 1.) The main and all-important part of the testatrix's testamentary scheme was, that the legatees and devisees she named should enjoy her estate in the amounts and in the proportions specified in her will. (*Coster* v. *Lorillard*, 4 Wend. 265.)

*John Patrick Walsh* and *Charles Willard Young* for Hitchcock Memorial Presbyterian Church, respondent. The trust created for the Hitchcock Memorial Presbyterian Church by the second paragraph of the first codicil should be recognized as valid and should be preserved by the court. (*Spofford* v. *Pearsall*, 138 N. Y. 57; *Hoey* v. *Gilroy*, 129 N. Y. 132.) Even if we assume the invalidity of the restraints on distribution, and of the trust provisions contained in paragraphs " third " and " fourth " of the first codicil the trust created for the benefit of the Hitchcock Memorial Presbyterian Church remains unimpaired. (*Kennedy* v. *Hoy*, 105 N. Y. 134; *Kalish* v. *Kalish*, 166 N. Y. 368; *Davis* v. *MacMahon*, 161 App. Div. 458.) The court may lawfully affirm the decree expunging paragraphs " third " and " fourth " of the first codicil so far as the same unlawfully suspend the ownership of the devises and legacies and create invalid trusts, and admit the remainder of the will and codicil to probate. (*Harrison* v. *Harrison*, 36 N. Y. 543; *Smith* v. *Chesebrough*, 176 N. Y. 317; *Kalish* v. *Kalish*, 166 N. Y. 368; *Davis* v. *MacMahon*, 161 App. Div. 458; *Everitt* v. *Everitt*, 29 N. Y. 39; *Matter of Berry*, 154 App. Div. 509; 209 N. Y. 540.)

*William C. Beecher* for New York Society for Suppression of Vice, respondent. The determination of the surrogate and of the Appellate Division, that the clause suspending the power of alienation for five and eight years is void, is correct. (*Herzog* v. *Title G. & T. Co.,* 177 N. Y. 86; *Matter of Mount,* 185 N. Y. 162; *Brown* v. *Quintard,* 177 N. Y. 75; *Stewart* v. *Wooley,* 121 App. Div. 531; *People's Trust Co.* v. *Flynn,* 113 App. Div. 683; *Smith* v. *Chesebrough,* 176 N. Y. 317; *Fulton Trust Co.* v. *Phillips,* 218 N. Y. 573; *Matter of Berry,* 154 App. Div. 509.)

CHASE, J. The "Scarsdale Estates Incorporated" is an incorporation having a capital stock of $500,000, formed for the purpose of developing and selling certain real property in Westchester county, formerly owned by the testatrix and her husband. One Farley was the president of such corporation. On March 24, 1909, the testatrix and her husband entered into a contract with said Farley which recited:

"WHEREAS the parties of the first part are the owners and holders of all of the stock of the Scarsdale Estates in connection with the affairs of which corporation the party of the second part has for a considerable time been representing the parties of the first part, and of which corporation the party of the second part has been since May 1, 1908, and still is, president, to which office he was elected on the nomination and at the request of the parties of the first part, and,

"WHEREAS the parties of the first part wish and have requested the party of the second part to continue to act as president and to manage the affairs of the Scarsdale Estates as he is at present doing until all of the properties of the Scarsdale Estates have been disposed of, the proceeds of sale distributed, all debts and liabilities paid or discharged and its affairs fully adjusted."

By the contract it was provided:

" *First.* It is mutually covenanted and agreed that the party of the second part shall be elected and reelected and retained and continued and that he will act and continue to act as president and manage and control the affairs of the Scarsdale Estates until all of the property of the Scarsdale Estates shall have been sold and disposed of, the proceeds distributed and its debts and liabilities paid or discharged and its affairs fully adjusted.

" *Second.* The management of the Scarsdale Estates shall be vested in the party of the second part, and the property of the Scarsdale Estates shall be sold and handled and its affairs managed and controlled in accordance with what in the opinion, judgment and discretion of the party of the second part shall be for the best interest and welfare of the Scarsdale Estates, but this management of the Scarsdale Estates by the party of the second part shall be subject to the wishes and directions of the parties of the first part so long as they or either of them shall survive."

Provision was also made therein for compensation to Farley for his services, payable when all the property of the Scarsdale Estates has been disposed of, the proceeds of sale distributed, all debts and liabilities paid or discharged and its affairs fully adjusted, and also in case of the death of Farley or of his incapacity before all the property of the Scarsdale Estates had been sold and its affairs fully adjusted. The contract also provided:

" *Sixth.* No compensation due the party of the second part as hereinbefore provided whether he be living or dead shall be paid or required until the same can be paid by the Scarsdale Estates conveniently and without difficulty or embarassment."

" *Eighth.* Any sale of the stock or interests of the parties of the first part in the Scarsdale Estates shall be made subject to the terms and obligations of this agreement.

" And to the true and faithful performance of this agreement the parties hereto bind themselves, their heirs, executors, administrators and assigns."

On the day that said contract was made with Farley the testatrix made her will. By her will she gave many specific legacies of clothing, silverware, jewelry and the like, to persons therein named. She also gave money legacies to relatives, employees and religious and other corporations therein named amounting in the aggregate to about $200,000. She also therein provided as follows:

" *Forty-first*. I expressly recognize the existence of a certain contract dated the 24th day of March, 1909, between Clara F. Hitchcock and Welcome G. Hitchcock as parties of the first part and Robert E. Farley as party of the second part which contract was prepared at the suggestion and request of my husband and myself and represents our wishes and directions in connection with the management of the Scarsdale Estates; and any devise or legacy that depends for its payment or discharge upon a payment by the Scarsdale Estates to my estate shall await such payment from the Scarsdale Estates, whatever direction as to time to the contrary may appear herein, and no attempt shall be made by my estate or the devisees or legatees hereunder to force the sale of the property of the Scarsdale Estates for the payment or discharge of legacies or devises or the final settlement of my estate."

And as follows:

" *Thirty-seventh*. It is my will and I direct that no devise or legacy except legacies of specific articles provided for in this will shall be paid before Five (5) years have expired after my death, unless my executors, or the survivor of them, or the successor of them, shall consent in writing to such earlier payments and no interest shall be paid or allowed on any such legacy if the same shall be paid within five years after my death.

" *Thirty-eighth.* All the rest, residue and remainder of my property both real and personal and wheresoever situate, I give, devise and bequeath to my executors hereinafter named in trust, nevertheless to hold, invest, manage and control the same or at their discretion to sell any part thereof, and to hold, invest, manage and control the proceeds of the sale thereof and to pay over the net income and profits thereof to my husband Welcome G. Hitchcock for the term of Five (5) years from the date of my decease. At the expiration of Five (5) years or sooner, if my said husband should of his free will, consent in writing to such earlier distribution, the said rest, residue, and remainder of my estate shall be divided and distributed as follows: One-half ($\frac{1}{2}$) to my husband Welcome G. Hitchcock and the remaining one-half ($\frac{1}{2}$) to be divided equally between the said * * *."

" *Forty-second.* I authorize, empower and direct my executors hereinafter named to sell any or all real estate of which I may die seized whenever in their judgment it shall be for the best interests of my estates so to do."

A few years thereafter her husband died. She then made a codicil to her will making certain changes therein which are immaterial on this appeal and therein further provided as follows:

" *Third.* I revoke and cancel Paragraph Twenty-seventh (intended for thirty-seventh) of my said will and in substitution thereof I provide as follows:

" It is my will and I direct that no devise or legacy except legacies of specific articles and the certain legacies to relatives of stated amounts provided for in my Will or Codicil shall be paid before eight years have expired after my death and no devise and no legacy of a stated amount to a relative shall be paid before five years have expired after my death unless my executors or the survivor of them shall consent in writing to such earlier payment, and no interest shall be paid or allowed on

any such devise or legacy if the same shall be paid or discharged within such eight years or such five years as the case may be."

" *Fourth*. I revoke and cancel paragraph thirty-eighth of my said will and in substitution thereof I provide as follows:

" I give, devise, and bequeath all of my property both real and personal to my executors or the survivor of them in trust nevertheless to hold, invest, manage and control the same or at their discretion to sell any part thereof and to hold, manage, invest and control the proceeds of the sale thereof and the income and profits thereof until it shall be time to distribute my estates as in my Will and this Codicil thereto provided, and then all the rest, residue and remainder of my property both real and personal after the payment and discharge of all bequests and devises shall be divided and distributed equally between the said  *  *  *  (same persons and societies named in paragraph thirty-eighth of her will) share and share alike and I expressly provide and declare that Paragraph Third of this Codicil shall apply to my disposition of the residue of my estate as well as to all other bequests and devises."

She subsequently made a second codicil to her will, the provisions of which are immaterial on this appeal. She died January 9, 1915, leaving an estate of about $25,000 in cash, mortgages and personal effects, besides the stock held by her in the Scarsdale Estates Incorporated. She was indebted to an amount exceeding $100,000. The will and codicils have been probated as the last will and testament of the testatrix and the Surrogate's Court, pursuant to a petition therefor, has construed the provisions of the will and held that the third and fourth paragraphs of the first codicil as quoted are invalid and void, but " in so far only as they suspend the ownership of the devises and legacies therein mentioned

for periods of five and eight years respectively and in so far as a trust for said periods is created * * * in that said periods are not measured by two lives in being."

It also ordered, adjudged and decreed " That the provisions of paragraph third of the first codicil to said will providing for the suspension of the ownership of the legacies and devises therein mentioned for periods of five and eight years respectively and the provisions of paragraph fourth of said first codicil purporting to create a trust of the residuary estate of the testatrix for said periods, be and hereby are expunged, and that all the devises and legacies given and provided for by the terms of said will and said first codicil are valid devises and bequests taking effect immediately and in like manner as if no provision had been made for the postponement of the satisfaction or payment thereof," and, " That the contract between Clara F. Hitchcock and Welcome G. Hitchcock and Robert E. Farley which is referred to in the forty-first paragraph of the will of said testatrix is not a testamentary instrument and is not incorporated by reference into said will."

Reading the original will in the light of the facts connected with its execution and taking into account the way in which her estate was then invested, it is apparent that the testatrix desired to enable her executors to administer the estate without being compelled to sacrifice any part thereof by sale or otherwise within the time provided by statute before which they could be compelled to judicially settle their account as such executors and at the same time provide her husband with an income from her estate during the period of administration. In endeavoring to conserve what was apparently thought by her to be for the best interest of her estate she failed to appreciate the statutes of this state in regard to suspending the absolute ownership of property for a longer period than two lives in being

at the date of her death (Personal Property Law, § 11. Cons. Laws, ch. 41. See, also, Real Property Law, § 42, Cons. Laws, ch. 50), or in regard to the accumulation of income.   (Personal Property Law, § 16.)

Legacies may be given so as to vest absolutely in legatees but at the same time postpone the time of payment.⁴ (*Everitt* v. *Everitt*, 29 N. Y. 39; *Miller* v. *Gilbert*, 144 N. Y. 68; *Dougherty* v. *Thompson*, 167 N. Y. 472; *Fulton Trust Company* v. *Phillips*, 218 N. Y. 573.)   The gifts in the will in controversy were vested. The payment was postponed simply for the benefit and convenience of the estate.

The testatrix by the trust created in the thirty-eighth paragraph of the will postponed the possible disposition of her property for a term not measured by lives.   Such a trust is invalid.   Its invalidity is not overcome by reason of the power vested by the will in her husband to consent to a distribution of the estate before the expiration of the term of years nor because of the power of sale vested in the executors.   Not only was the consent of her husband dependent upon his will, but in case of his death before the expiration of the term of years it would be impossible for a part, at least, of the period in the will provided to obtain a consent to a distribution.

To render a trust valid, it must be so limited that in every possible contingency there will be an absolute termination thereof within the period prescribed by statute.   (*Herzog* v. *Title Guarantee & Trust Company*, 177 N. Y. 86; *Matter of Wilcox*, 194 N. Y. 288; *Matter of Mount*, 185 N. Y. 162; *Brown* v. *Quintard*, 177 N. Y. 75.)

The power claimed to be given to the executors in the codicil (even if it were possible in view of the other provisions of the will to exercise it) would result in a distribution of the estate in disregard of the trust.   Such power does not in any way sustain the trust.

The scheme of the testatrix as shown by the original will in which the payment of the legacies and the distribution of the residuary estate was postponed for a period of years included, as we have seen, an intermediate interest in her husband as beneficiary. The contestants assert that after her husband's death the scheme of the testatrix was wholly changed and that even if the provisions of the original will providing for an intermediate estate could be expunged therefrom, without destroying the general scheme and purpose of the testatrix, as in the original will expressed, the provisions of the first codicil are such as to make it impossible to declare any part of the will void without thereby defeating all the testamentary provisions contained therein. The third and fourth paragraphs of the codicil provide for a trust for a period of years and not based upon lives, and it does not therein in terms dispose of the income. Such trust is invalid. The testatrix, however, was clear and definite in stating among whom her estate should ultimately be divided. No change whatever was made by the testatrix in either of the codicils to her will so far as it affects her general purpose in the ultimate disposition of her property. She had a full appreciation of her property and of those among whom she wanted it divided. Her appreciation of her property and those having a claim upon her is shown not only by the general provisions of the will, but particularly by the fortieth paragraph of the original will in which she says: "I have herein provided for all persons who have any claim on me by reason of consanguinity or affection whom I desire to participate in my estate." Her express republication of the will in the first and second codicils emphasizes the statement made by her in the fortieth provision of the original will as stated. The testatrix knew that her property was principally invested in the stock of the Scarsdale Estates Incorporated, and that

1917.] Opinion, per CHASE, J. [222 N. Y.]

if such corporation should force the sale of its lots or · if her executors were compelled to sell the stock in the corporation for the best price they could obtain therefor at the time, it might result in a serious loss to her estate and to those for whom she had provided by her will. She undoubtedly believed that her executors could, if given sufficient time and authority, act with the corporation and by so doing realize a large amount for her stock therein for the benefit of the legatees. The time given to her executors in which to pay legacies as stated in the codicil was wholly for that purpose. It was perhaps a commendable purpose but she failed to put her purpose in legal form. Her purpose was in furtherance of the testamentary provisions provided by the will and not in antagonism to them. The failure of the trust should not affect her testamentary dispositions.

We think that it clearly appears that the testatrix desired to have the money legacies paid and the residue of her estate divided as in the will provided, in any event, and that the trust was collateral to such desire. The lawful wishes of the testatrix would be defeated if the testamentary dispositions are not sustained.

The principle is now well settled that the courts lean in favor of the preservation of such valid parts of a will as can be separated from those that are invalid without defeating the general intent of the testator. (*Harrison* v. *Harrison*, 36 N. Y. 543, 547; *Matter of Berry*, 154 App. Div. 509; affd., 209 N. Y. 540; *Davis* v. *MacMahon*, 161 App. Div. 458; affd., 214 N. Y. 614; *Bailey* v. *Buffalo L. T. & S. D. Co.*, 213 N. Y. 525; *Kalish* v. *Kalish*, 166 N. Y. 368; *Smith* v. *Chesebrough*, 176 N. Y. 317; *U. S. Trust Company* v. *Hogencamp*, 191 N. Y. 281; *Brinkerhoff* v. *Seabury*, 137 App. Div. 916; affd., 201 N. Y. 559; *Henderson* v. *Henderson*, 113 N. Y. 1; *Hascall* v. *King*, 162 N. Y. 134.)

It is said by contestants that by the forty-first para-

graph of the will the testatrix sought to make the contract with Farley a part thereof. The provisions of that paragraph do not give the contract with Farley any further or greater force and effect than it would have had if it had not been mentioned in the will. Control over the corporation is vested in it. Power to sell the stock is recognized in the contract itself. The rights of the parties under the contract are not now before the court for determination. Such rights must be determined by the parties thereto and their successors in interest or in case of their failure to agree then by the courts when the questions arising therefrom are presented by appropriate action or proceeding. The testatrix did not make the contract a part of her will. We think the judgment of the Appellate Division affirming the decree of the Surrogate's Court should be affirmed, without costs to any party in this court.

HISCOCK, Ch. J., CUDDEBACK, CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment affirmed.