In the Matter of the Judicial Settlement of the Account of Proceedings of HENRY W. BAIRD and Another, as Executors, etc., of HENRY SPITZ, Deceased.

Surrogate's Court, Bronx County, March, 1927.

Wills — construction — Surrogate's Court cannot construe will in keeping with stipulation and consent of parties — testator gave legacy of $1,000 to each of two sons " after death of * * * wife "— legacy did not lapse on death of son after testator — legacy vested upon death of testator and on death of wife is payable to son's next eventual estate — income, in absence of provisions therefor, is payable to persons entitled to next eventual estate — bequest to daughter to be paid her when children attain twenty-one years creates valid trust — trust to children for specific term of years invalid — residuary estate distributed as in case of intestacy.

The Surrogate's Court cannot construe a will in accordance with a stipulation and consent filed by legatees thereunder, for the court must give such a construction to the instrument as the language warrants.

Misc. 78]    Surrogate's Court, Bronx County, March, 1927.

A legacy of $1,000, which the testator herein gave to each of two sons " after the death of my said wife," did not lapse as to one son on his death, without children surviving after the decease of the testator, though the wife of the testator is still alive, but vested on the death of said testator, and on the death of the wife of the testator is payable to the persons presumptively entitled to the next eventual estate.

The words " after the death of my said wife " relate only to the time of possession of the legacies and not to the time as to which they vest.

Moreover, since no provision is made for the payment of the income on the legacies, pending a time when the legatees obtain possession thereof, in order to escape the bar against accumulations, under section 16 of the Personal Property Law, such income is payable to the persons entitled to take the next eventual estate, pursuant to section 63 of the Real Property Law.

A further clause in said will, which, after providing for a bequest of $1,000 to a daughter, on condition that it should not be paid to her " until her children, if any, shall have attained the age of 21 years; or, upon her becoming a widow before her children shall have become of age," directs that in the event said daughter die without leaving children surviving, said sum should be divided equally between two sons, share and share alike, created a valid trust because it evidenced an intention on testator's part that the trust should cease upon the death of said daughter unless it had been terminated before that time by her children attaining the age of twenty-one years or by her becoming a widow; under no circumstances can the term of the trust continue for a longer period than one life in being.

But a trust as to the remainder of the estate, by which the testator directed that twenty years after his death his executors should distribute his estate share and share alike to his children, except that the share which would go to a daughter should, in the event she had children, be held in trust for the support and maintenance of said children, is a trust for a specific term of years, and not being measured by lives, is invalid (Pers. Prop. Law, § 11; Real Prop. Law, § 42), and said residue must be distributed as in case of intestacy.

PROCEEDING for an accounting involving the construction of a will.

*John A. Anderson,* for the executors.

*Lawrence R. Condon,* special guardian.

SCHULZ, S.   The accounting executors request a construction of the last will and testament of the decedent.   The widow and all of the heirs and next of kin of the testator have filed a stipulation and consent that a certain construction be given to the language of the will.   While such a stipulation might be binding upon the adult parties as against each other, the court can accord it no consideration, but must give such a construction to the instrument as its language warrants.

The first question arises as to paragraph " fourth " which provides as follows:

" *Fourth.* After the death of my said wife, I give and bequeath to each of my sons, Henry and Edward — the sum of one thousand dollars."

The son Henry died after the death of the decedent and it is urged that the legacy to him took effect upon the death of the decedent's wife, and as she is still alive, that it lapsed upon the death of the legatee, he having left no child or other descendant surviving. (Decedent Estate Law, § 29, as amd. by Laws of 1918, chap. 384.) With that contention I do not agree. The legacies to the two sons vested upon the death of the decedent. The words " After the death of my said wife " relate only to the time of possession and enjoyment of the legacies and not to the time as to which they vest. (*Connelly* v. *O'Brien*, 166 N. Y. 406; *Hersee* v. *Simpson*, 154 id. 496, 500; *Corse* v. *Chapman*, 153 id. 466, 471; *Livingston* v. *Greene*, 52 id. 118, 123; *Matter of Livingston*, N. Y. L. J. Dec. 24, 1920.)

No provision is made for the payment of the income on the legacies in question pending the time when the legatees obtain possession thereof. If the intent of the decedent was that it should be accumulated, this could not legally be done under the statute. (Pers. Prop. Law, § 16, as amd. by Laws of 1915, chap. 670.) Hence, such income is payable to the persons presumptively entitled to the next eventual estate (Real Prop. Law, § 63, as amd. by Laws of 1916, chap. 364; *Matter of Harteau*, 204 N. Y. 292; *Matter of Kohler*, 231 id. 353, 375), that is, to the son, Edward, and to the estate of Henry, until the widow of the decedent dies when the legacies are distributable in the same manner.

By the 5th paragraph of his will the testator gives and bequeaths to his daughter, Lottie, the sum of $1,000, which shall not be paid to her " until her children, if any, shall have attained the age of 21 years; or, upon her becoming a widow before her children shall have become of age," and then provides:

" *Sixth*. Should my said daughter Lottie die without leaving issue, and before the happening of the events above set forth — then and in that event I give and bequeath the said sum of One thousand dollars to my said sons Henry and Edward to be divided equally between them share and share alike."

If the first limitation of the trust, namely, " until her children, if any, shall have attained the age of 21 years," were considered as standing alone and being the only language fixing its continuation, a question might well arise whether or not this involved an unlawful suspension of the power of alienation, for the reason that the daughter might have more than two children, some of whom might be born after the death of the testator (*Monypeny* v. *Monypeny*, 202 N. Y. 90, 93), although it would not be free from doubt if the daughter did not have more than two children at the time of decedent's death. (*Seitz* v. *Faversham*, 205 N. Y. 197;

*Jacoby* v. *Jacoby*, 188 id. 124, 131.) However, we must not read that clause alone, but with the other provisions of the will of which it forms a part.

It is a fundamental principle that the intent of the testator shall be carried out if possible (*Matter of Evans*, 234 N. Y. 42; *Matter of Silsby*, 229 id. 396; *Stewart* v. *Stewart*, 205 App. Div. 587); also that a construction should be favored which tends to uphold the provisions of the will rather than one which would destroy them (*Matter of Hitchcock*, 222 N. Y. 57; *Schult* v. *Moll*, 132 id. 122, 127; *Matter of Buechner*, 226 id. 440), and that a construction which would involve an intestacy should, if possible, be avoided. (*Matter of Ossman* v. *Von Roemer*, 221 N. Y. 381; *Haug* v. *Schumacher*, 166 id. 506; *Meeks* v. *Meeks*, 161 id. 66.) The language of paragraph " sixth " indicates that the decedent intended that the trust mentioned should end upon the death of his daughter, unless it had been terminated before that time by her children attaining the age of twenty-one years or by her becoming a widow. If it was terminated by her death, leaving issue, the issue were to take, but if no issue survived, the legacy was to be distributed to the two sons, Henry and Edward. As, therefore, the term of the trust could under no circumstances continue for a longer period than one life in being, the testator could within that life period provide for any other limitations which he desired. (*Van Cott* v. *Prentice*, 104 N. Y. 45, 57; *Montignani* v. *Blade*, 145 id. 111.)

I hold that the trust is valid, and there being no disposition of the income pending its termination, such income is payable to the daughter as the person presumptively entitled to the next eventual estate. (Real Prop. Law, § 63; *Matter of Harteau, supra; Matter of Kohler, supra.*)

I find no authority permitting the court under the language of this will to accelerate the three legacies above referred to, as requested by the petitioners.

By the 7th paragraph of his will the testator attempts to create a trust of the residue of his estate and provides for the payment of the income to his children as therein more particularly set forth. No time limit is set for such trust, but in the 8th paragraph he provides as follows:

" *Eighth.* Twenty years after my death, I order and direct my executors and Trustees to distribute my estate to and among my said Children share and share alike excepting however that the share which would come to my said daughter Lottie, should she have children and should she not be a widow — shall be held in

trust for her children and be paid over or retained by my said trustees for the support and maintenance of my said children. Should she become a widow, then I direct that her share be paid over to her, her heirs or assigns."

This trust, therefore, is for a specific number of years, and is not measured by lives. Hence, there is a violation of the statute (Pers. Prop. Law, § 11; Real Prop. Law, § 42; *Brown* v. *Quintard*, 177 N. Y. 75; *Matter of Wilcox*, 194 id. 288; *Matter of Hitchcock*, *supra*), and it follows that the trust is invalid and that the residue must be distributed as in a case of intestacy.

Settle decision and decree accordingly.