In the Matter of the Estate of ABBOTT HODGMAN, Deceased.

Surrogate's Court, New York County, October 21, 1930.

*Evarts, Choate, Sherman & Leon*, for the executors.

*Taylor, Blanc, Capron & Marsh*, for the petitioners.

*Albert Grossman*, special guardian.

*Ralph E. Brush*, for Sarah K. Brush and others.

O'BRIEN, S. In this trustees' accounting a question of construction is presented by reason of the following facts:

The testator by the 6th paragraph of his will disposed of his residuary estate in the following language:

" *Sixth.* All the rest, residue and remainder of my estate, real and personal, or the proceeds thereof, including my residence at West Townsend, Massachusetts, subject to the foregoing devise to my said wife, I direct my executors hereinafter named, or such one of them as shall qualify, to divide into three equal parts."

He left him suriving his widow and three children, Sarah K. Brush, Jennie A. Hodgman and Albertina Clapp. He provided by the 7th paragraph of his will as follows:

" *Seventh.* I give, devise and bequeath one of said parts to my said executors or such one of them as shall qualify, in trust, and direct them or him to invest the same, and collect the income arising therefrom, and pay the same to my daughter Sarah K. Brush during her natural life, and on her death to transfer and pay over the said share to the lawful issue of my said daughter absolutely, if more than one, share and share alike."

The 8th and 9th paragraphs are similar in terms to the 7th paragraph, and dispose of the other two shares respectively to the testator's two other children, Jennie A. Hodgman and Albertina Clapp. He then provided by the 10th paragraph as follows:

" *Tenth.* In the event of the death of any of my said daughters without leaving lawful issue, the share given or devised in trust

for the use of such daughter, I give, devise and bequeath to my said executors, upon the same trust, for the benefit of my then surviving daughters."

The provisions made for the respective remainders appear at first reading to present a situation where the trusts created are for more than two lives. Upon a careful reading and analysis, however, it becomes clear that these provisions may be so construed as to carry out the manifest intention of the testator and preserve the trusts almost in their entirety. Sarah K. Brush, one of the testator's children, is still living. Jennie A. Hodgman, his other child, died in 1927 *without issue*. Albertina Clapp, the third child, died in 1929 *without issue*. Sarah K. Brush, the living child, *has issue* still living. The 10th paragraph as applied to the situation presented here may be construed to mean (1) that after the death of Jennie A. Hodgman in 1927 *without issue* her trust fund should have been divided into two funds, one for the benefit of Albertina Clapp for her life and one for the benefit of Sarah K. Brush for her life; and (2) that on the death of Albertina Clapp in 1929 *without issue* the principal of the trust funds of which she enjoyed the income should be distributed as follows: The first trust fund, that is the one prescribed in paragraph 7 of the will, should pass to Sarah K. Brush for her life with remainder over to her issue and the second trust fund provided for her benefit under paragraph 10, being one-half of the fund previously enjoyed by Jennie H. Hodgman, the first of the three daughters to die, should be distributed as intestate property of the testator because of the fact that alienation of said fund had already been suspended by two lives, viz., those of Jennie H. Hodgman and Albertina Clapp. The widow is entitled to share in this estate by said intestacy. *Matter of Silsby* (229 N. Y. 396), cited as authority for holding that the trust is void *in toto*, has no application here. In that case the trust was first for the life of the widow and after her death on separate and distinct trusts for the three children, so that on the death of the first child the principal of the trust had been held for two lives, to wit, that of the widow and that of the child so dying and, therefore, no part of the trust property could be added to the trust estates of the other children. In this case there is no trust for the life of the widow, the residuary being divided into three parts, corresponding to the number of the testator's children, to be held for the benefit of each child.

I, therefore, hold that the trusts created by this will are valid trusts and should be distributed in accordance with this memorandum. (*Matter of Gallien*, 247 N. Y. 195; *Matter of Shapiro*, 134 Misc. 363; affd., without opinion, 229 App. Div. 867; *Matter of Hitchcock*, 222 N. Y. 57.) Proceed accordingly.