In the Matter of the Accounting of BERTHA GATTERMEYER, as Trustee Under the Will of BERTHA FISCHER, Deceased.

Surrogate's Court, Bronx County, June 22, 1943.

*Mathias F. Correa, United States Attorney for the Southern District of New York,* and *Laurence H. Axman, Assistant United States Attorney,* for Alien Property Custodian.

*William F. Breidenbach* for Bertha Gattermeyer, as trustee.

*Fertig, Walter & Gottesman* for Century Indemnity Company, surety.

HENDERSON, S. The will of the testatrix was admitted to probate on the 19th day of January, 1927. In paragraph " Ninth " of such will, certain realty consisting of an apartment house was devised to the trustee named therein, with the right to receive the rents, maintain the property and to pay the income annually to the two brothers of the testatrix, Carl Unger and Heinrich Unger, residents of Germany. The gift to such trustee contained the following provision: " * * *, and said trustee is directed to sell said property for Ninety Thousand ($90,000.00) Dollars, when said sum can be obtained therefor and upon such terms as said trustee deems, in her judgment, most desirable under the circumstances * * * and then and in that event, the said trustee shall give the proceeds of said sale, * * * to my said brothers, Carl Unger and Heinrich Unger, share and share alike ".

The trustee has filed an account of her proceedings as directed by an order of this court obtained by the former surety upon the trustee's bond, pursuant to section 109 of the Surrogate's Court Act.

On December 18, 1942, by a vesting order, the rights of Carl Unger and Heinrich Unger in and under the trust vested in the Alien Property Custodian, who has appeared in this accounting proceeding.

The Alien Property Custodian contends that the limitation imposed by the will as to the price at which the trust property is to be sold is a limitation which makes the trust void pursuant to section 42 of the Real Property Law, because the term of

the trust is not measured by lives in being as is required by the statute in order that any restraint of alienation be valid.

The assessed valuation of the realty at the present time is $65,000, and the value set forth in the account is $37,350.

The trustee has been acting for the past fifteen years and no contention has ever been made that the property could have been sold for $90,000.

A trust to sell real property for the benefit of legatees is permitted by subdivision 2 of section 96 of the Real Property Law.

The rule defining suspension of the power of alienation was stated in terms particularly applicable to the present case in *Robert* v. *Corning* (89 N. Y. 225, 235, 236) as follows: " Such power of alienation * * * is suspended, when there are no persons in being, by whom an absolute fee in possession can be conveyed. * * * But the mere creation of a trust does not, *ipso facto,* suspend the power of alienation. It is only suspended by such a trust, where a trust-term is created, either expressly or by implication, during the existence of which, a sale by the trustee, would be in contravention of the trust. Where the trustee is empowered to sell the land, without restriction as to time, the power of alienation is not suspended, although the alienation in fact may be postponed, by the non-action of the trustee, or, in consequence of a discretion reposed in him, by the creator of the trust."

The gift of the property to the trustee is a gift until the sum of $90,000 could be secured by the sale thereof. There is nothing in the will which authorizes such sale at any previous time or gives the trustee discretion in this respect. The power of sale is unqualifiedly limited by the provision as to purchase price because it might be that the trustee could never obtain such a sum. The language used by the testatrix does not permit a finding that her direction is merely advisory. It sets up a limitation which by possibility may create an unlawful suspension. There is therefore a violation of the statute limiting the period for allowable restriction of the power of alienation. (*Robert* v. *Corning, supra; Kalish* v. *Kalish,* 166 N. Y. 368; *Matter of Hitchcock;* 222 N. Y. 57; *Spitzer* v. *Spitzer,* 38 App. Div. 436; *Stewart* v. *Woolley,* 121 App. Div. 531.)

Although this limitation as to price is void, the scheme of distribution of the proceeds of sale is not dependent thereon and does not fall when the invalid restriction is eliminated. If we eliminate the void provision as to price, we have both the imperative power of sale and the plan of distribution. We do

not write a new will. The persons who take and the share each takes, are inalterably fixed by the testatrix. Under such circumstances, the invalid parts of the will may be expunged without destroying the will as a whole and without interfering with the dominant purpose of the testatrix. (*Kalish* v. *Kalish, supra; Matter of Hitchcock, supra; Matter of Eveland,* 284 N. Y. 64; *Stewart* v. *Woolley, supra.*) Under the doctrine of these cases; therefore, this matter is determined accordingly.

The Alien Property Custodian has requested a sale of such property in this proceeding. In accordance with such request, the trustee will be directed to sell at the earliest possible date when a fair and reasonable offer can be obtained therefor.

In view of the fact that the only other party interested herein, the former surety, does not desire to have its application for a discharge held up while awaiting the sale and a supplemental account of the proceedings taken on such sale, and since all the parties seem to be in agreement as to the procedure to be adopted, an intermediate decree may be entered herein.

Proceed accordingly.