Maurice W. McCann, S.
The petitioners herein are the administrators, c. t. aof the above-entitled estate and, in their petition, pray for a decree determining the construction of paragraph “Fourth” of the last will and testament of the above-named decedent, and adjudging and decreeing that in and *1020 by said paragraph, lytle l. knauss received a vested remainder in and to a one-half part of the property of said decedent upon the death of the said Albert H. Knauss.
The testator in paragraph “ Fourth ” of his will, after stripping away much of its extensive and excessive verbiage, gave to his daughter, Leona K. Lindstrom (one of the petitioners herein), the life use of one half of his property. Testator further provided “ at the death of Leona Lindstrom, I give, devise and bequeath said one-half of my estate to Lytle Lindstrom.” This bequest was conditioned on Lytle Lindstrom changing his last name to Knauss. This was done by an order of the Supreme Court of Yates County and entered in the Yates County Clerk’s office on March 8, 1949.
Section 40 of the Beal Property Law defines a vested remainder: “ When future estates are vested; when contingent. A future estate is either vested or contingent. It is vested, when there is a person in being, who would have an immediate right to the possession of the property, on the determination of all the intermediate or precedent estates. It is contingent while the person to whom or the event on which it is limited to take effect remains uncertain.”
Section 40 of the Beal Property Law is also applicable to personalty.
One of the factors in the definition emphasized by the cases is the need for a person in being who would have immediate bight to possession on determination of all intermediate or preceding estates. Uncertainty must not affect the gift. To say it another way, an estate is vested if there is a present capacity in one to take possession if the present possession were to become vacant. Vesting is not prevented by postponement of enjoyment or payment. The intention to vest must be adduced from the language and provisions of the will, and, when so found, it must be carried out. If it can be said with certainty that it was the testator’s desire that definitely ascertainable persons should receive the ultimate possessory enjoyment of the gifts, they will be awarded to them; otherwise, they cannot be.
The canon most frequently used is that vesting is favored. A factor in favor of vesting is that it can be a devise to avoid disinheritance of children who predecease. (Matter of Russell, 168 N. Y. 169.)
As between a vested and contingent remainder, the construction will favor the former unless there is a clear contingency. (Matter of Finck, 168 App. Div. 135.)
*1021 The words “at” and “after” are generally words which fix the time of vesting. They commonly refer to vesting of a remainder in connection with the death of a remainderman prior to the death of the testator. In such situations only time of payment or enjoyment is postponed, in the absence of any contrary indication. In the case of Manhattan Real Estate Assn. v. Cudlipp (80 App. Div. 532, 534) the court had this to say: “ The word 1 at,’ in the connection in which it is used in this devise, designates the time of enjoyment and fixes the period at which the estate is to vest in possession and not in interest, there being nothing whatever in the language of the will requiring a contrary interpretation. ’ ’
In the case of the Matter of Spitz (129 Misc. 78) the court said (p. 80): “The words, ‘ After the death of my wife ’ relate only to the time of possession and enjoyment of the legacies and not to the time as to which they vest.”
Applying the law to the facts in this case, I have come to the conclusion that the interest of lytle lindstrom knauss is a vested and not contingent interest and I so hold.
Submit decree in accordance therewith.