## BRINKERHOFF v. GREEN et al.

(Supreme Court, Appellate Division, First Department. March 31, 1910.)

1. WILLS (§ 473*)—VALIDITY—VALIDITY IN PART.

The sixth paragraph of a will creating a trust, which provided for the accumulation of income from the trust fund for 15 years, was void, and the fifth paragraph required the trustees to pay to testator's daughters during their natural lives a certain sum annually. The eighth paragraph gave to such of a designated class "as may be then living" the residue of the fund included in the void provision after the end of the 15-year period. *Held*, that the fifth paragraph was not affected by the invalid provision; it not relating to the income in the hands of the trustees for the 15-year period, and not being dependent upon the invalid provision.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 992–995; Dec. Dig. § 473.*]

2. WILLS (§ 853*)—BEQUESTS—ACCELERATION.

A bequest of the residue of a fund created by an invalid provision of a will to be distributed among such of a designated class as might be living at the termination of the trust could not be accelerated so as to effectuate it; there being no vested estate in the residuary legatees.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 2169; Dec. Dig. § 853.*]

Appeal from Special Term, New York County.

Action by William Brinkerhoff, as executor, against Norman S. Green and others, impleaded. From a judgment for plaintiff, defendants appeal. Affirmed.

The following is the opinion of Bischoff, J., in the court below:

The provision for the accumulation of income for 15 years being obviously void, I am to determine the extent to which other directions in the will, depending upon or connected with the invalid provision, may be enforced. The payment of $3,000 annually for their lives to the testator's two daughters, as directed in paragraph fifth, must be considered as upon a trust, separate and distinct from the trust provision for their benefit in paragraph seventh. The fifth paragraph does not relate, nor is it restricted, to income in the hands of the trustees during the 15-year period (provided for in paragraph sixth), and the powers of the trustees were not, necessarily, to come to an end under paragraph fifth when that period terminated. At that time paragraph seventh was to take effect, and, while a trust fund was to be set apart for the daughters sufficient to yield this same amount of income, there is no clear and reasonable indication that the payment for their "natural lives," in paragraph fifth, was intended as a mere temporary provision for 15 years. Since the persons who were to take the residue under the eighth paragraph, after the 15-year period, were such members of a designated class "as may be then living," this residuary provision cannot be carried into effect by accelerating the bequest, for there was no present gift and no vesting of an estate in the residuary legatees, postponed merely as to the time of enjoyment. The persons to take were those who might fulfill the condition of survivorship, no remainders were to vest within the period of suspension allowed by law, and the gift itself is so dependent upon the void trust, with the attendant postponement for 15 years, that it cannot be given effect, if any regard be had to the testator's actual intention. Fargo v. Squiers, 154 N. Y. 250, 260, 48 N. E. 509. The trust estate for the two daughters, under paragraph 7, may properly be brought into existence by resort to the doctrine of acceleration (Kalish v. Kalish, 166 N. Y. 368, 59 N. E. 917), and the trustees have duties to perform with respect to the collection of income and the payments to these daughters

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the annual sum of $3,000 for their lives, under paragraph fifth. In other respects the fifth paragraph does not operate to create a trust or to effect an equitable conversion. So far as sales may be necessary to carry the trust provision for the daughters into effect, the trustees are undoubtedly possessed of a power of sale, according to the express words of the will; but there is no imperative direction to sell, and no apparent purpose is indicated which would necessitate a sale of all the real estate for the purposes of distribution.

My conclusion is that the residuary estate is charged with the two trusts above referred to, for each of the testator's daughters, and that beyond this, as to the residuary estate, there was intestacy. Form of decision and judgment may be presented accordingly on notice of settlement.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

M. W. Byers, for appellants.
C. D. Ridgeway, for respondent.

PER CURIAM. Judgment affirmed on the opinion of Bischoff, J., in the court below. Order filed.

---

TIFFANY v. HESS et al.

(Supreme Court, Special Term, New York County. March 18, 1910.)

1. ACCOUNT (§ 17*)—EQUITABLE ACTIONS—COMPLAINT.

A complaint, in an action for an accounting, alleging that money was intrusted to an attorney for a particular purpose, involving a special reliance upon his integrity, sufficiently averred a relation of fiduciary character of equitable cognizance and not a bald bailment.

[Ed. Note.—For other cases, see Account, Cent. Dig. § 78; Dec. Dig. § 17.*]

2. ATTORNEY AND CLIENT (§ 127*)—ACCOUNTING—PARTIES—EXECUTOR OF DECEASED PARTNER.

Though, in an action at law, the representatives of deceased partners cannot be joined as defendants with the surviving partner in an action upon a partnership obligation unless the inability to secure a satisfaction from the surviving partner is shown, yet, where redress is sought in equity for breach of trust by a deceased member of a law firm, alleged to have retained from plaintiff money received from the defendant in a divorce action for plaintiff's use, all persons affected may be made parties, and hence the surviving partners and the executrices of deceased partners in the firm may be joined as defendants.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 280; Dec. Dig. § 127.*]

Action by Emma N. Tiffany against Ida Hess, executrix of Charles A. Hess, and others. On demurrer to complaint. Overruled.

Gilbert & Wessel (Lucius L. Gilbert and Harry N. Wessel, of counsel), for plaintiff.

Mark G. Holstein, for defendant Ida Hess, as executrix, etc., demurrant.

GIEGERICH, J. The defendant Ida Hess, as executrix, demurs upon two grounds: First, that the complaint does not state facts suffi-

---