In the Matter of the Probate of the Last Will and Testament of CLARA F. HITCHCOCK, Deceased.

ROBERT E. FARLEY, as Executor, etc., of CLARA F. HITCH-COCK, Deceased, and Others, Appellants; CHARLES B. CARPENTER, as Executor, etc., and Others, Respondents.

Second Department, October 6, 1916.

Will — unlawful suspension of power of alienation — trust not measured by lives but by definite periods — when remainders take effect although precedent estate is invalid.

A will which places the residuary estate in trust for the definite periods of five and eight years and provided that no gift shall be paid over within that period is void, as it may unlawfully suspend the power of alienation for a period longer than that of two lives in being.

But the remainders given to general and residuary legatees on the termination of the unlawful trust period are valid, for where there is a failure of a precedent estate because of its invalidity or for any other reason the ultimate gifts which are limited thereon will not fail unless they are contingent or dependent for their existence upon the precedent estate. In such case the precedent estate will be expunged and the ultimate gifts will be accelerated to take effect immediately upon the death of the testatrix.

APPEAL by Robert E. Farley, as executor, and others from so much of a decree of the Surrogate's Court of the county of Westchester, entered in the office of said Surrogate's Court on the 7th day of December, 1915, as adjudges that certain provisions of the first codicil to the will are invalid and void.

The 3d paragraph of the first codicil of the testator's will directed that certain gifts should not be paid until eight years after the testator's death, and that no devise or legacy of a stated amount to a relative should be paid until five years

after the testator's death, unless the executors shall consent, in writing, to an earlier payment, and that no interest shall be allowed on any such devise or legacy. The 4th paragraph of the first codicil gave all the testator's property to his executors in trust with a discretionary power of sale to apply the income until such time as they were directed to distribute the estate, and then to divide the same equally among certain specified beneficiaries, the 3d paragraph of the codicil being expressly made to apply to this provision.

*Henry W. Jessup, Joshua M. Fiero* and *Roscoe S. Conkling*, for the appellant Henry C. Reimer.

*Harold B. Elgar* and *Jerome S. Hess*, for the appellant August C. Reimer.

*Thomas F. J. Connolly*, special guardian, for the appellant Reimer Sherman.

*William L. Rumsey*, for the appellant Robert E. Farley, as executor, etc.

*Francis Smyth* and *Thomas B. Gilchrist*, for the respondent Charles B. Carpenter, as executor, etc.

*John Patrick Walsh*, for the respondent The Hitchcock Memorial Presbyterian Church.

*J. Mayhew Wainwright* and *John W. Farquhar*, for the respondent The American Society for the Prevention of Cruelty to Animals.

*Crescens Hubbard*, for the respondent Young Men's Christian Association.

*Cornelius J. Sullivan* and *Richard F. Weeks*, for the respondent The New York Society for the Prevention of Cruelty to Children.

*Jackson A. Dykman*, for the respondent Brooklyn Society for the Prevention of Cruelty to Children. ·

*Howard Mansfield*, for the respondent St. Paul's M. E. Church.

*George A. Strong,* for the respondent New York University School of Pedagogy.

Decree of the Surrogate's Court of Westchester county affirmed, without costs to either party in this court, upon the opinion of the surrogate.

JENKS, P. J., CARR, STAPLETON, RICH and PUTNAM, JJ., concurred.

SAWYER, S.:

The provisions of the 3d and 4th paragraphs of the first codicil suspend the ownership of the residuary estate for a period of five years and eight years. This is clearly in violation of the statute,* for it is quite possible for these periods to be periods longer than that of two lives in being.

I think, however, that the gifts of the estate to the general and residuary legatees are valid.

Where there is a failure of a precedent estate because of its invalidity, or for any other reason, the ultimate gifts which are limited therein will not fail unless they are contingent or dependent for their existence upon the precedent estate. In such a case the precedent estate will be expunged and the ultimate gifts will be accelerated to take effect immediately upon the death of the testatrix. (*Matter of Berry,* 154 App. Div. 509; affd., 209 N. Y. 540.)

In that case the surrogate admitted the will to probate, with the exception of the 10th clause, but refused probate of that clause on the ground that it violated the statute relating to the suspension of the power of alienation, and was, therefore, invalid. This clause, so far as it is pertinent, reads as follows:

" *Tenth.* All the rest, residue and remainder of my estate, real, personal and mixed, of whatsoever nature and wherever located, I give, devise and bequeath to my executor hereinafter named, in trust nevertheless for the following purposes, to wit: To invest the said rest, residue and remainder in good, safe securities and to pay the income therefrom for a period of five

---

* See Real Prop. Law (Consol. Laws, chap. 50; Laws of 1909, chap. 52), § 42; Pers. Prop. Law (Consol. Laws, chap. 41; Laws of 1909, chap. 45), § 11.— [REP.

years from the date of my decease * * * to [designating beneficiaries]. At the expiration of said five years from the date of my decease, my executor, as such trustee to pay over the principal of my said residuary estate to the Lutheran Hospital."

The Appellate Division approved the ruling of the surrogate in holding the trust to be invalid because it was not measured by two lives in being, but by the definite period of five years, but held that the surrogate was in error in ruling that the gift over to the hospital was invalid. The court said (p. 511): "The enjoyment of this gift by the hospital is definitely fixed, *i. e.*, the expiration of five years, and the person to whom it was given was in being, definitely ascertained and competent to take at the time of the death of the testator. There is nothing uncertain about it. It was a vested remainder. A future estate is vested when there is a person in being who would have an immediate right to the possession of the property on the determination of all the intermediate or precedent estates. * * * The authorities, so far as I have been able to discover, are all to the effect that a vested gift, otherwise valid, will not fail merely because it is limited to take effect at the expiration of a trust which is void under the Statute of Perpetuities." (For other cases see *Hawley* v. *James*, 16 Wend. 61; *Everitt* v. *Everitt*, 29 N. Y. 39; *Harrison* v. *Harrison*, 36 id. 543; *Kalish* v. *Kalish*, 166 id. 368; *Williams* v. *Jones*, Id. 522; *Smith* v. *Chesebrough*, 176 id. 317; *United States Trust Co.* v. *Hogencamp*, 191 id. 281; *Brinkerhoff* v. *Seabury*, 137 App. Div. 916; affd., without opinion, *sub nom. Brinkerhoff* v. *Green*, 201 N. Y. 559; *Farley* v. *Secor*, 167 App. Div. 80.)

The cases cited are authority for the upholding of the general and residuary legacies and devises in the will and codicils of the testatrix.

It is so decreed.