Matter of the Estate of ANNIE FITZSIMMONS, Deceased.

(Surrogate's Court, Bronx County, December, 1920.)

**Wills** — construction of — power of sale — equitable conversion —.
   suspension of power of alienation — Real Property Law, § 42.

> A will empowered and directed the executor to sell and con-
> vey the real estate of his testatrix at such time as he might
> deem proper, "but not less than two years after my death,"
> with direction to distribute the proceeds among designated
> legatees. *Held*, that the power of sale was mandatory and
> worked an equitable conversion of the real estate.

> While under section 42 of the Real Property Law the limi-
> tation of the power of sale could not be given effect, the inten-
> tion of the testatrix that her property should be sold and dis-
> tribution made as provided by her will, could be carried out
> by eliminating the attempted unlawful suspension of the power
> of alienation, the limitation should be treated as directory
> merely and not as of the essence of the power of sale.

PROCEEDINGS on construction of a will under Code
of Civil Procedure, section 2615.

William A. Keating, for petitioner.

SCHULZ, S.   This proceeding was brought under the
provisions of section 2615 of the Code of Civil Pro-
cedure to obtain a determination as to the validity,
construction and effect of an attempted disposition of
property contained in paragraph numbered " 3 " of
the last will and testament of the decedent, which is
as follows:

" 3. I hereby direct and empower my executor here-
inafter named to sell and convey, at such time as he
may deem proper, but not less than two years after
my death, and at such price as he may deem adequate,
the premises where I now reside, and known as 644
East 229th Street, Borough of the Bronx, City of New

Surrogate's Court, Bronx County, December, 1920.    [Vol. 114.

York, and to distribute the net proceeds thereof after deducting all expenses of sale, in equal parts, share and share alike, between Mary Carney, Catherine Carney, and Louise Carney, all residing in the said Borough of the Bronx, and Mary Flannigan, Annie McNamara, and Catherine Ford, of the City of New Rochelle, Westchester County, New York, and Mary Connel, residing on Sixtieth Street, in the Borough of Manhattan, City of New York, the said named being my cousins.''

It is contended that the phrase '' but not less than two years after my death '' means that the sale shall not be made before the expiration of two years after the death of decedent, and such contention appears to me to be correct.

The paragraph in question contains a mandatory power of sale, coupled with a direction to distribute the proceeds among the parties named and works an equitable conversion. *Salisbury* v. *Slade,* 160 N. Y. 278; *Greenland* v. *Waddell,* 116 id. 234, 240; *Lent* v. *Howard,* 89 id. 169. If the attempted limitation were given effect, the executor could not exercise the power of sale and hence could not alienate the said real estate for a period of two years after the death of the decedent; in other words, the absolute power of alienation would be suspended for a period of two years which is against the statute providing that such suspension cannot be for a longer period than two lives in being. Real Prop. Law (Cons. Laws, chap. 50), § 42; *Matter of Hitchcock,* 222 N. Y. 57. The limitation of the power of sale, therefore, cannot be given effect.

The fact that this is so, however, does not necessarily destroy the provisions of the will of which it is a part. The courts lean in favor of the preservation of such valid parts of a will as can be separated from

those that are invalid without defeating the general intent of the testator. *Matter of Hitchcock, supra.* Where the parts of a will are so intermingled that the valid cannot be separated from the invalid, the will must fail, but when it is possible to eliminate the invalid provisions and leave the valid ones intact and to preserve the general plan of the testator, such a construction will be adopted as will prevent partial or total intestacy. *Matter of Thaw,* 182 App. Div. 368, 372.

The intention of the testatrix was that the property should be sold and that the cousins should share in the proceeds of the sale of the real estate in question and this can be carried out after eliminating the attempted unlawful suspension referred to. The limitation of the power of sale should be treated as directory merely and not as of the essence of the power itself. *Mott* v. *Ackerman,* 92 N. Y. 539; *Waldron* v. *Schlang,* 47 Hun, 252. The power of sale when freed from the provision which violates the statute, may thus be executed at any time, and upon such sale, distribution may be made as provided in the will. *Smith* v. *Chesebrough,* 176 N. Y. 317.

Decreed accordingly.