In the Matter of an Application for a Judicial Construction of the Last Will and Testament of CHARLES KUHRASCH, Deceased.

Surrogate's Court, Westchester County, December 9, 1924.

**Wills — construction — second paragraph directs executor to maintain real estate for nine years and divide rent between third person and another — third paragraph directs executor to sell real estate and distribute proceeds among named legatees — second paragraph suspends power of alienation in violation of Real Property Law, § 42, and is void — direction as to sale in third paragraph is mandatory and valid.**

Where a testator provides in the second paragraph of his will that his executor shall maintain his real estate for a period of nine years and divide the rent equally between a third person and wife, and in the third paragraph of his will authorizes the sale of his real estate and directs his executor to distribute the proceeds among named legatees, the second paragraph suspends the power of alienation in violation of section 42 of the Real Property Law and is void, but the power of sale given in the third paragraph is mandatory and effectual and the gift to the legatees named therein is valid.

PROCEEDING for construction of a will.

*Adrian M. Potter*, for the proponent.

*Charles Edward Long*, for certain legatees.

*Morris L. Rosenwasser*, for other legatees.

Surrogate's Court, Westchester County, December, 1924.    [Vol. 124

SLATER, S.:

The decedent died on the 3d day of March, 1924, and his will was probated on the 14th day of June, 1924.   This is a construction proceeding.   The will is as follows:

" I, CHARLES KUHRASCH, of the City of Yonkers, County of Westchester and State of New York, do make, publish and declare this to be my last Will and Testament, and do hereby revoke all former Wills by me at any time heretofore made.

## " FIRST:

" I direct that all my just debts and funeral expenses be paid by my Executor hereinafter named, as soon after my death as may be practicable.   Funeral expenses not to exceed the sum of Eighteen hundred Dollars.

## " SECOND:

" I direct my Executor hereinafter named to maintain my real estate for a period of nine years in a good state of repair, and after deducting all taxes, repairs, funeral expenses and all other necessary expenses to divide the balance of the rent, equally between Joseph Ressler and Bertha Ressler his wife.

## " THIRD:

" I hereby appoint Joseph Ressler of Yonkers, New York, to be the Executor of this my will with full power to rent, lease or sell any and all of my real estate.   From the sale of my real estate I direct the proceeds to be distributed as follows:

| | |
|---|---:|
| " St. John's Hospital, Yonkers, N. Y. | $5,000 00 |
| Yonkers Homeopathic Hospital | 5,000 00 |
| Adrian M. Potter | 5,000 00 |
| Louis Di Francisco | 5,000 00 |
| Pincus Katz | 5,000 00 |
| Jennie Ackert | 5,000 00 |
| Alexander Strahn | 5,000 00 |
| Dr. Henry Moffat | 2,000 00 |
| German Charities | 1,000 00 |

## " FOURTH:

" All the rest, residue and remainder of my estate to be divided equally between Joseph Ressler and Bertha Ressler, his wife."

The petitioners are some of the legatees.   They contend that paragraph second of the will relating to the direction to maintain the real estate for nine years is void.   The executors contend that because there is a power of sale the paragraph is effective and valid.   It would appear that paragraph second and paragraph third are in conflict.   The beneficiaries of the second paragraph

cannot receive the rental of the real estate for nine years, and the power of sale be effectual and exercised. In my judgment the power of sale does not come into being until the nine-year period has elapsed. A sale would be in contravention of the gift of the rentals. Consequently, paragraph second violates section 42 of the Real Property Law and falls within the ruling in *Matter of Wilber* (122 Misc. 472); *Matter of Berry* (154 App. Div. 509; affd., 209 N. Y. 540). The power of alienation is suspended by a term not measured by lives, but is measured by years which may be longer than two lives. Such a provision is illegal. However, should the power of sale be operative at the present time, it matters little, as paragraph second would still be condemned. The existence of the power as contended by the executors will not save it. Its invalidity would not be overcome by reason of the power of sale being operative. (*Matter of Hitchcock*, 176 App. Div. 326; 222 N. Y. 57, 71; *Matter of Fitzsimmons*, 114 Misc. 71.)

I conclude that paragraph second is void. The power in paragraph third is mandatory and effectual and the gift to the legatees named in the said paragraph is valid. (*Smith* v. *Chesebrough*, 176 N. Y. 317; *Matter of Berry, supra; Kalish* v. *Kalish*, 166 N. Y. 368.)