[Civ. No. 6585.   Third Dist.—June 10, 1941.]

J. H. BOOGE, as Trustee, etc., Plaintiff and Respondent, v. GEORGE R. REINICKE, Individually and as Administrator, etc., Appellant; NANNIE LACKNER et al., Cross-Defendants and Respondents.

Laurence B. Martin and Austin Clapp for Appellants.

Manierre & Cuthbertson for Respondent.

TUTTLE, J.—This action was brought to recover upon a promissory note. Judgment went in favor of plaintiff, and against defendant and appellant.

On February 8, 1927, Francis Lackner loaned appellant the sum of $3,000. No evidence of said indebtedness was given at the time. On February 28th of the same year, Francis Lackner executed an instrument which purported to set up a trust in certain personal property in which J. H. Booge was named trustee, and the beneficiaries were the sister, the son, and four daughters of the trustor. This trust provided that it should remain in full force during the lives of the trustor and his wife, Nannie Lackner; that upon its expiration, one-fifth of the trust property and some accumulations therefrom, were to be paid over to said son, and four-fifths were to go in equal shares to the four daughters; that "should the survivor of the two parties above named, that is, the grantor and his wife, die intestate, then said four-fifths of this Trust Estate shall go to my daughters direct: the share of a deceased daughter to go as may have been directed by her last will, and in default thereof to her children, the issue of her body, and if there be no children, to her surviving brother and sister and the issue of a deceased brother and sister." It was also provided that during the life of the trust, certain cash payments were to be made monthly to all beneficiaries except the son. The property mentioned in the trust included "Note dated Feb. 8th, 1927, $3000.00, on or before ten years. Interest at 7% after Feb. 8th, 1928, signed George R. Reinicke". A month or two after the trust agreement was executed, appellant executed and delivered to the trustee, Booge, his promissory note in favor of "J. H. Booge, trustee", for the sum of $3,000. It bore interest at the rate of 7 per cent per annum, and was payable ten years from the date thereof—February 8, 1927.

On December 20, 1928, the trustor died. His will was duly probated, and under the decree of distribution the residue thereof was left to his widow, Nannie Lackner, cross-defendant and respondent herein. The said note was not specifically mentioned in the will or decree, but it may be considered an established fact in the case that if said note was a portion of the estate, any title thereto which the decedent may have had therein now vests in his widow.

Upon default in the payment of said note, this action was commenced. It was brought in the name of "J. H. Booge, Trustee". Appellant was named the sole defendant. The first paragraph of the complaint alleges that plaintiff is the trustee under the trust mentioned above. The remaining allegations are in the usual form of such an action. The answer of appellant set up as a defense that the said trust was void as being in violation of the rule against perpetuities, and that plaintiff was not authorized to bring said action. Thereafter, appellant filed a cross-complaint, bringing in as cross-defendants all the beneficiaries under said trust, and also Nannie Lackner. The allegations thereof are similar to those set up in the special defenses of appellant's answer. It was prayed therein that the *corpus* of the estate be distributed to the beneficiaries under said trust. The cross-defendants filed an answer alleging that Nannie Lackner was the equitable owner of said note; that said trust agreement was void; and praying that judgment be rendered in favor of Nannie Lackner and Booge as trustee. It was agreed by all parties, at the trial, that the trust was void. The court found that said trust agreement was void, and that *"no rights or interests either present, prospective, or contingent was created thereby either in the purported trustee or purported beneficiaries"*, and that Nannie Lackner and J. H. Booge, as her trustee, are the sole owners of said note. The court adjudged that Nannie Lackner was the real owner of said note; that Booge held the same for her use and benefit; and ordered judgment for the amount of said note, interest and counsel fees. It appears that during said time, one of the beneficiaries under said trust, Else Lackner, died. Appellant appears not only personally, but also as the executor of her estate.

It is first contended by appellant that plaintiff could not maintain the action. He argues that as the trust was void, Booge had no interest in the *corpus* of said trust, which included the note in question. There is no merit in the contention. Section 369 of the Code of Civil Procedure provides as follows:

"An executor or administrator, or trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the persons for whose benefit the action is prosecuted. A person with whom, or in whose name,

a contract is made for the benefit of another, is a trustee of an express trust, within the meaning of this section.''

Although the trust was void, the facts show beyond dispute that the note was taken in the name of Booge for the benefit of the payee, Lackner. By force of the statute this constituted the former a trustee of an express trust, and he had a right to bring and maintain the action. Furthermore, the equitable owner of the note appeared in the action, and consented thereto. The test to be applied under such circumstances is whether or not the payor could be subjected to another action on the note. We are of the opinion that he could not be. We do not deem it necessary to discuss the authorities cited by appellant on this phase of the cause, other than to state that, as we have seen, there was ample evidence to sustain the finding that plaintiff was the trustee under an express trust, and therefore entitled to bring the action.

It is contended by appellant that the findings conflict with the allegations of the complaint in that the latter alleges that plaintiff was the trustee under the trust agreement, while in the former it is found that such agreement was void, but that plaintiff was trustee under an express trust. The finding is based upon the allegations of the answer of the cross-defendants, and the relief granted conforms to the prayer of said answer. Appellant seems to assume that the court in making its findings, was bound to follow the allegations of the complaint, although it found in favor of the cross-defendants upon all the issues raised in their answer. Obviously this is not a proper test to apply to the findings in the matter of disposing of the issues. They were made in favor of the prevailing parties, and they disposed of all the issues before the court. That was sufficient.

It is next contended by appellant that the trust, although void, created *vested remainders* in the beneficiaries; that vesting of these remainders was accelerated by the avoidance of the trust to the extent that title to the trust property immediately vested in the remaindermen or beneficiaries. In other words, the void trust was converted by law into into an immediate grant. On the other hand, respondents urge that ''the Law in California declares with admirable persistency and consistency that once a thing is dead, or 'void in its creation', it can say nothing, carry nothing and give nothing.''

The significance of the position taken by appellant lies in the fact that he is the executor of the estate of Else Lackner Reinicke, who was one of the beneficiaries under said trust, and who would, he contends, be therefore entitled to a one-fifth interest in the note. He claims title to such interest in the note under the theory that it was the intention of the trustor that the remainder should be vested from and after the execution of the trust agreement, and that the law accelerates the vested interest of the remaindermen on the theory that such would have been the normal intent of the trustor had he envisaged the possibility that prior interests attempted to be created would become ineffective. The trial court found impliedly that there was no such intent, and there is evidence to support such finding. The instrument itself recites that: "The grantor, being desirous of creating a fixed income for certain members of his family hereinafter named, has assigned, transferred, and delivered to the trustee the following securities." If the purpose of the trustor was to make a present gift of the property, he would have done so. He chose, however, to set up a trust which would insure the beneficiaries a "fixed income".

Appellant relies strongly upon several cases from New York—*In re Berry's Will*, 154 App. Div. 509 [139 N. Y. Supp. 186], affirmed in 209 N. Y. 540 [102 N. E. 1099]; *Brinkerhoff* v. *Seabury*, 137 App. Div. 916 [122 N. Y. Supp. 481], affirmed in 201 N. Y. 559 [95 N. E. 1123]; *Smith* v. *Chesebrough*, 176 N. Y. 317 [68 N. E. 625]; *In Matter of Hitchcock*, 222 N. Y. 57 [118 N. E. 220], and *Guaranty Trust Co.* v. *Goetting*, 185 N. Y. Supp. 663. He also claims support for his contention in Restatement of Property, volume 11, chapter 16. The cases mentioned all involve trusts which are set up in wills, and where acceleration of the vesting of title has been permitted it has been done under the rule relating to the construction of wills—"The cardinal rule in the construction of wills and codicils is that the intention of the testator must be ascertained if possible." (69 C. J., p. 52, sec. 1117.) Assuming that a similar rule applies to the construction of trust agreements, there was ample evidence, as we have pointed out, to sustain an implied finding that the trustor did not intend that the beneficiaries should have title immediately. All of the authorities mentioned by appellant either involve a failure of a *preceding interest,* or

trusts of a character which permit of a severance of valid and invalid provisions. *Here, there is no failure of a prior interest*, nor are there valid and invalid provisions which are severable. The entire agreement is void. Neither can there be an acceleration of the vesting, based upon the theory that the prior interest is invalid, but the directions to convey valid, for the same reason. Whatever may be the rule in other jurisdictions, it has been definitely held in this state that where a trust is void as an illegal restraint upon alienating (Civ. Code, sec. 715), no title or right whatever is required either by the trustee or any of the beneficiaries. The general rule in California is thus stated in 25 California Jurisprudence, page 298, section 153:

"If a conveyance in trust is for any reason invalid or ineffectual, the legal title, so far as the trustees are concerned, must be deemed to have remained in the grantor. In the case of a testamentary trust, the property descends to the testator's heirs, or passes under a residuary clause of the will."

In *Estate of Walkerly*, 108 Cal. 627 [41 Pac. 772, 49 Am. St. Rep. 97], several trusts were set up in the will. The testator sought to establish a trust for a period of time prohibited by section 715 of the Civil Code. The trustees were directed to manage the property and to apply the proceeds for the use of the persons designated as beneficiaries, and at the termination of the trust to sell the property and distribute the proceeds among the beneficiaries. The Supreme Court held that the attempted trust being void, no gift or conveyance of any kind was effected and that the property remained at all times the property of the putative grantor and would have to be distributed under the laws of succession. The decree of the trial court distributing the estate to the intended beneficiaries because they had what would normally be vested interests, was reversed. In concluding the opinion, the court said:

"The determination that the trusts are void renders unnecessary any consideration of the other points presented. The trusts being void, it follows as to the property attempted to be devised in trust, that the testator died intestate. It therefore descends to the heirs living at the time of his death. For the foregoing reasons the decree is reversed."

It is further noted in this case that the respondents were contending that a different rule should apply because of the fact that the remainders were vested. The court said:

"But, if we understand the position of respondents, it is contended that the nephews and nieces (beneficiaries of the proposed trust) take a future estate, which future estate is vested. . . . "

The trial court had ordered distribution to these nephews and nieces under that theory. This was held error.

In *Campbell-Kawannanakoa* v. *Campbell*, 152 Cal. 201–207 [92 Pac. 184], a trust was held void as violating section 715 of the Civil Code. Referring to the result, the court said:

"The trust here, therefore, was void as to the real property of deceased situated within the State of California. It follows that as to such property the deceased died intestate, and the same descended by succession to his heirs at law (*Estate of Walkerly*, 108 Cal. 627, 652, 660 [49 Am. St. Rep. 97, 41 Pac. 772]), one-third to his surviving wife, and one-sixth to each of his four children (Code Civ. Proc., sec. 1386, subd. 1) subject only to proper administration of his estate."

The other cases following the same rule are: *In re Whitney's Estate*, 176 Cal. 12 [167 Pac. 399]; *In re Maltman's Estate*, 195 Cal. 643 [234 Pac. 898], and *Estate of Van Wyck*, 185 Cal. 49 [196 Pac. 50].

It is conceded that appellant received the money on his note, and we are of the opinion that the trial court justly and legally ordered payment thereof.

The judgment is affirmed.

Thompson, J., and Pullen, P. J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 7, 1941.