Filed 8/29/13  Timbol v. Hoffman CA2/3
Opinion following rehearing

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for
publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication
or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ADRIAN U. TIMBOL, as Trustee, etc.,<br><br>　　Plaintiff and Appellant,<br><br>　v.<br><br>MELVIN M. HOFFMAN et al.,<br><br>　　Defendants and Respondents. | B242910<br><br>(Los Angeles County<br>Super. Ct. No. LC093769) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Maria E. Stratton, Judge.  Affirmed.

Michael V. Hesse for Plaintiff and Appellant.

No appearance for Defendants and Respondents Melvin M. Hoffman and All Counties Trustee Service Company.

Harris L. Cohen; Alan D. Wilner and Elkanah J. Burns for Defendants and Respondents Strategic Acquisitions, Inc. and Long Point Properties, LLC.

Wolfe & Wyman and David M. Chute for Defendant and Respondent Creative Investment Group, Inc.

_____

Adrian U. Timbol appeals from a judgment entered after the trial court sustained demurrers to the second amended complaint without leave to amend on the ground that Timbol lacked standing to pursue this lawsuit on behalf of Milagros T. Manapat. The second amended complaint seeks to set aside a trustee's sale of property that Manapat's late husband Luis O. Manapat (decedent) owned, alleging the decedent's signatures on a promissory note and a deed of trust were forged because the decedent died three years before he purportedly signed these documents. Manapat apparently authorized Timbol to prosecute this action on her behalf. On Timbol's third attempt to plead standing, Timbol alleged he was the trustee pursuant to a declaration of trust in which Manapat conveyed the property to him. We affirm, concluding Timbol lacks standing to pursue this action.

ALLEGATIONS IN THE SECOND AMENDED COMPLAINT[1]

1. *The Subject Property*

Manapat is alleged to be the decedent's successor in interest to an undivided one-half interest in the property. The decedent held title as an unmarried man to real property located at 4230 Stansbury, #104, Sherman Oaks, California (the Property). The decedent died on December 22, 2006. Upon his death, the decedent was record owner of the Property.

In 2009, someone forged the decedent's signature to a $165,000 promissory note secured by a deed of trust on the Property in favor of Melvin Hoffman as beneficiary.[2] The deed was recorded.

It is alleged that the same year, another unknown defendant forged the decedent's signature to a $35,000 promissory note secured by a deed of trust on the Property.

---

[1] Because this is an appeal from a judgment following an order sustaining a demurrer without leave to amend, we recite the facts as alleged in the second amended complaint and any exhibits attached thereto. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

[2] Hoffman and All Counties Trustee Service Company (All Counties) filed a demurrer to the second amended complaint but did not file a respondents' brief.

Defendant Creative Investment Group, Inc. (Creative) was the beneficiary named in the deed of trust. The deed was recorded.

The Hoffman loan went into default, and a notice of default was recorded and served. Defendant All Counties was the trustee under the deed of trust. A notice of sale was recorded, and defendant Strategic Acquisitions, Inc. (Strategic) purchased the Property at a nonjudicial foreclosure sale. Strategic allegedly altered the trustee's deed upon sale, deleted its name as the grantee, and inserted defendant Long Point Properties, LLC (Long) as grantee. Long sold the Property to a third party.

Based upon these facts, the second amended complaint alleges causes of action for fraud (1st, 2nd, 3rd causes of action), cancellation of deeds of trust (4th cause of action), quiet title (5th cause of action), slander of title (6th cause of action), constructive trust (7th cause of action), specific performance (8th cause of action), declaratory relief (9th cause of action), and injunctive relief (10th cause of action). All of these causes of action are premised on Manapat having "right, title and interest" in the Property.

2. *Standing Allegations*

This is Timbol's third attempt to bring this action on Manapat's behalf. The caption to the second amended complaint still refers to Timbol's second attempt to allege standing while acting as a "Trustee for Milagros T. Manapat." In the second amended complaint, Timbol alleges that he is the trustee of an inter vivos trust entitled "4230 Stansbury Avenue Trust." Manapat executed a written declaration of trust in which she purports to transfer to Timbol, as trustee, "all right, title and interest in the real and personal property described in Exhibit 'A' attached hereto and incorporated herein by reference . . . ." Exhibit "A" lists the Property, and personal property consisting of all of Manapat's claims, rights, and causes of action regarding the Property, along with this lawsuit.

PROCEDURAL BACKGROUND

Defendants Hoffman, All Counties, Creative, Strategic, and Long filed demurrers to the second amended complaint on the ground that Timbol lacked standing to pursue this action.

3

The trial court sustained the demurrers without leave to amend, reasoning the Declaration of Trust did not sufficiently confer standing on Timbol to pursue this action as trustee of the 4230 Stansbury Avenue Trust. The trial court entered judgment of dismissal. Timbol, as "Trustee for Milagros T. Manapat," filed a timely notice of appeal.

We filed an opinion affirming the judgment of dismissal. We concluded that Timbol did not have standing as a trustee because the allegations and exhibits attached to the second amended complaint did not allege how Manapat acquired any right, title, or interest to the Property, and even if given leave to amend, the trust instrument attached as an exhibit to the second amended complaint was not valid as it purported to transfer the Property, not Manapat's interest in the Property, into the 4230 Stansbury Avenue Trust.

We granted Timbol's petition for rehearing to consider his arguments related to the validity of the transfer of Manapat's interest in the Property into the 4230 Stansbury Avenue Trust, assuming the second amended complaint was amended to indicate how she acquired that interest. Timbol also raised for the first time in his petition that he sought leave to amend to substitute Manapat as the plaintiff in this action. In opposition, respondents argued the proposed amendment was improperly raised for the first time in the petition. As shall be discussed, we affirm the judgment of dismissal.

DISCUSSION

1. *Standard of Review*

A demurrer tests the legal sufficiency of the complaint, and the granting of leave to amend involves the trial court's discretion. Therefore, appellate courts employ two separate standards of review on appeal. (*Blank v. Kirwan*, *supra*, 39 Cal.3d at p. 318.) The complaint is reviewed de novo to determine whether it contains sufficient facts to state a cause of action as a matter of law. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) As noted, we assume the truth of properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded, and facts

4

that may be judicially noticed.[3] (*Ibid.*)  Allegations inconsistent with annexed documentary exhibits may be disregarded.  (*Hoffman v. Smithwoods RV Park, LLC* (2009) 179 Cal.App.4th 390, 400.)

When the demurrer is sustained without leave to amend, we determine whether the trial court abused its discretion.  On review of a trial court's refusal to grant leave to amend, we reverse for abuse of discretion if there is a reasonable possibility the pleading can be cured by amendment.  (*Hendy v. Losse* (1991) 54 Cal.3d 723, 742.)  The burden is on the plaintiff to prove that there is a reasonable possibility the defect can be cured by amendment.  (*Blank v. Kirwan*, *supra*, 39 Cal.3d at p. 318.)

2.  *Allegations of Ownership Interest in the Property are Insufficient*

We recognize that the controlling issue in this appeal is standing:  The issue, however, requires an initial determination of whether Timbol, acting in any capacity, has stated a valid cause of action arising from Manapat's interest in the Property.  Timbol has alleged in every version of the complaint that the decedent, not Manapat, was the record owner of the Property at the time of his death.  The grant deed, attached as an exhibit to the second amended complaint, conveys the Property to the decedent, "an unmarried man."  The Property remained in the decedent's name, as an unmarried man, and there is no grant deed attached to the second amended complaint conveying any interest in the Property to Manapat after the decedent's death in 2006.  Timbol does not allege that title to the Property passed to Manapat upon the decedent's death in 2006 (Prob. Code, § 7000), or any other devise gives Manapat the alleged ownership interest in the Property. We disregard allegations inconsistent with attached exhibits.

Citing a 1905 case, *Page v. Garver* (1905) 146 Cal. 577, 578, Timbol argues that he has standing to represent an heir who seeks to cancel a deed obtained by fraud.  Unlike *Page v. Garver*, where the heir sued to protect her own interest in the property, Timbol has alleged no rights or interest in the Property.  (*Id.* at p. 579.)  Moreover, the heir

---

[3]  It does not appear that the trial court ruled on Hoffman's request for judicial notice.  The documents submitted are official records of which we may take judicial notice.  (Evid. Code, § 452, subds. (c).)

5

asserting the claims in *Page v. Garver* alleged that her husband died intestate, and she succeeded to a widow's interest in his equitable estate. (*Id.* at p. 578.) Thus, *Page v. Garver* would only support Manapat's standing (not Timbol's) to pursue this action if she sufficiently alleged how she acquired her interest in the Property. No such allegations appear in the second amended complaint.

During argument on appeal, Timbol's counsel represented that he could amend the second amended complaint to allege that the decedent died intestate, and based upon intestate secession, Manapat succeeded to a one-half interest in the Property. (See Prob. Code, § 6401, subd. (c).) As shall be explained, even if amended as suggested, Timbol, as trustee of the 4230 Stansbury Avenue Trust, lacks standing to pursue this action.

3. *The 4230 Stansbury Avenue Trust Does Not Confer Standing*

Timbol contends that as a trustee he has standing to pursue this action. Code of Civil Procedure section 367 provides that every action must be prosecuted by the real party in interest, except as otherwise provided by statute. Section 369, subdivision (a)(2) of the Code of Civil Procedure creates an exception for a trustee of an express trust. When a claim is prosecuted on the trust's behalf, the trustee is the real party in interest. (*Wolf v. Mitchell, Silberberg & Knupp* (1999) 76 Cal.App.4th 1030, 1036.) The standing issue presented here, however, does not concern Timbol's authority. The issue here is whether a valid trust has been established.[4]

To create an express trust there must be a competent trustor, trust intent, trust property, trust purpose, and a beneficiary.[5] (Prob. Code, §§ 15201-15205; *Estate of*

---

[4]    The declaration of trust is inartfully drafted, and states "it was the express intention of Trustor to authorize Adrian U. Timbol to act as the agent and trustee of Trustor as to the recovery, maintenance, ownership, title, legal action and disposition of the Trust Estate described in Exhibit 'A' attached hereto." As the trial court noted, Timbol appears to be pursuing this action on Manapat's behalf, not as a trustee of the 4230 Stansbury Avenue Trust.

[5]    The question of whether a trust conforms to statutory requirements is a question of law. (*Harustak v. Wilkins* (2000) 84 Cal.App.4th 208, 212-213.)

*Heggstad* (1993) 16 Cal.App.4th 943, 947-948.) The trustor, sometimes called a "settlor," can manifest his or her intention to create a trust in a number of ways, including, executing a "declaration by the owner of property that the owner holds the property as trustee," or by transferring "property by the owner during the owner's lifetime to another person as trustee." (Prob. Code, § 15200, subds. (a), (b).)

Manapat purported to transfer into the 4230 Stansbury Avenue Trust " 'all right, title and interest in the real and personal property described in Exhibit "A," ' " which listed the Property. The second amended complaint, however, did not sufficiently allege that Manapat had acquired an interest in the Property. Likewise, the chose in action, that is, the personal property transferred into the 4230 Stansbury Avenue Trust, is based upon the Property, which she does not own. Thus, Manapat lacked the legal authority to transfer the real and personal property to the trustee. Accordingly, the transfer to Timbol as trustee was invalid, and title to the Property is as alleged in the exhibit attached thereto, which takes precedence. (See *Osswald v. Anderson* (1996) 49 Cal.App.4th 812, 820; *Booge v. Reinicke* (1941) 45 Cal.App.2d 260, 265.)

If given leave to amend, Timbol would allege that Manapat acquired a one-half interest in the Property by intestate succession. Timbol asks this court to read the trust instrument, along with the proposed amendment, to state that Manapat transferred into the 4230 Stansbury Avenue Trust, all right, title and interest in real and personal property described in Exhibit "A," "*whatever that is*." (Italics added.) In these proceedings, we are not at liberty to rewrite the declaration of trust attached as an exhibit to the second amended complaint. (See *Citizens Business Bank v. Carrano* (2010) 189 Cal.App.4th 1200, 1207.) Alternatively, Timbol asks this court to grant leave to permit Manapat to amend the trust instrument. In ruling on a demurrer, our focus is on whether there is a possibility of amending the complaint, not on whether there is a possibility of conferring standing by amending a trust instrument attached to the complaint. Accordingly, the

7

attached exhibits to the complaint do not establish that Timbol has standing to pursue this action under Code of Civil Procedure section 369, subdivision (a)(2).[6]

4. *Timbol Does Not Have Standing Under the Survivor Statutes*

Timbol also appears to contend that he has standing under the survivor statutes because Manapat is the decedent's successor in interest, and he is authorized to act on Manapat's behalf. (Code Civ. Proc., §§ 377.11, 377.20, 377.32.) A decedent's successor in interest succeeds to the decedent's cause of action. (Code Civ. Proc., § 377.30.) Code of Civil Procedure section 377.11, as pertinent here, defines " 'decedent's successor in interest' " as "the beneficiary of the decedent's estate," which in turn means the sole beneficiary under the decedent's will, if the decedent died leaving a will (Code Civ. Proc., § 377.10, subd. (a)) or if the decedent died without leaving a will "the sole person or all of the persons who succeed to a cause of action" (*id*., subd. (b)). The statute permits a decedent's successor in interest to authorize someone to act on his or her behalf. (Code Civ. Proc., § 377.32, subd. (a)(5)(B).)

Under the survivor statutes, Timbol would have standing if he were acting on Manapat's behalf to pursue the decedent's causes of action asserting his rights to the Property. But the second amended complaint seeks to protect Manapat's interest in the Property. Because Timbol is not bringing a survivor action, he lacks standing.

5. *Leave to Amend*

The proposed amendments do not cure Timbol's lack of standing to pursue this action. (*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1388; see also *Mercury Ins. Co. v. Pearson* (2008) 169 Cal.App.4th 1064, 1072.)

---

[6] Timbol raised for the first time in a petition for rehearing that, if given leave, he would amend to substitute Manapat as the plaintiff in this action. This argument has been forfeited. (*Midland Pacific Building Corp. v. King* (2007) 157 Cal.App.4th 264, 276.) We express no opinion, however, on the viability of any claims Manapat may subsequently assert in her own right.

8

DISPOSITION

The judgment of dismissal is affirmed.  No costs are awarded on appeal.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



ALDRICH, J.

We concur:



KLEIN, P. J.



KITCHING, J.